UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW S. FOSTER | ) | CASE NO. 5:21-cv-1983 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| PORTAGE COUNTY, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Matthew S. Foster ("Foster") filed this civil rights action under 42 U.S.C. § 1983 against Portage County, Portage County Public Defender Leonard Hazelett ("Hazelett"), Attorney Don P. Mitchell ("Mitchell"), and Judge Rebecca L. Doherty ("Judge Doherty") (collectively, "defendants"). (Doc. No. 1.) Also before the Court is Foster's motion to proceed *in forma pauperis* (Doc. Nos. 2, 4), which the Court will grant by separate order.

For the following reasons, this action is dismissed.

**I. Background**

For his complaint, Foster alleges that defendants violated his constitutional rights by failing to provide him with medical care. He also asserts a claim under Ohio Rev. Code § 2921.44 for dereliction of duty and claims that he was tased by a police officer who is not named as a defendant in this action. (*See* Doc. No. 1 at 4.[1])

---

[1] Page number references are to the consecutive page numbers assigned to each document by the Court's electronic filing system.

Foster's brief complaint contains few factual allegations, and the details are difficult to discern. It appears that all of Foster's claims are related to his arrest by Kent Police officers on April 22, 2019. According to the complaint, Foster "told every Kent police officer" that he could not breathe and that he was experiencing extreme chest pain. (*Id*. at 4.) Foster claims that he was in a holding cell at the Kent Police Department for twelve hours "hitting or pushing a nonworking emergency button." (*Id.* at 6). On the morning of his arraignment, Foster states that he was rushed to the hospital where he was treated for a collapsed lung. (*Id.* at 3). He alleges that following his surgery, he "had to recover in Portage County Jail" with no pain medication, "no vitals," and no breathing treatments. (*Id.* at 5). Foster states that Judge Doherty "denied Plaintiff medical doctor's appointment." (*Id.*) Foster seeks monetary relief.

## II. Discussion

### A. Standard of Review

#### 1. 28 U.S.C. § 1915(e)

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *See Neitzke v. Williams*, 490 U.S. 319, 327–28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677–78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

**2. 42 U.S.C. § 1983**

Section 1983 creates a cause of action against "persons" who, under color of state law, act to deprive a plaintiff of a constitutional right. 42 U.S.C. § 1983 ("Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....").

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Liberally construing the complaint, Foster appears to allege that the defendants violated his constitutional rights by denying him medical treatment when he was arrested, detained, and later incarcerated.

**B. Analysis**

    **1. Statute of limitations**

As an initial matter, it appears that Foster's § 1983 claims are barred by the statute of limitations. As best the Court can discern, Foster's claims accrued on or about April 22, 2019. This action was filed on October 20, 2021. The statute of limitations for § 1983 claims brought in Ohio is two years. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) ("[W]e hold that the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual.").

To the extent that Foster's claims are barred by the two-year statute of limitations, they are dismissed. To the extent Foster's claims are not time-barred, his § 1983 claims are nevertheless subject to dismissal for the reasons that follow.

    **2. Judge Doherty is immune from suit**

It is well established that judges are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to

ensure that the independent and impartial exercise of their judgment in a case is not impaired by exposure to damages from actions brought by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Foster appears to object to Judge Doherty's decisions regarding his detention and custody rendered in connection with his case before her. The manner in which a judge conducts the proceedings in her courtroom, and the decisions she renders in a case before her, are clearly judicial actions. Foster alleges no facts plausibly suggesting that Judge Doherty's alleged conduct at issue was performed at a time when she was not acting as a judge or that she completely lacked subject matter jurisdiction over Foster's case before her. *See Mireles*, 502 U.S. at 11–12.

Accordingly, Judge Doherty is absolutely immune from suit, and Foster's claims against Judge Doherty are dismissed.

**3. Attorneys Mitchell and Hazelett did not act under color of state law**

Additionally, private attorney Mitchell and public defender Hazelett are not subject to suit in a § 1983 action. Generally, to be considered to have acted "under color of state law," the individual must be a state or local government official or employee. Public defenders and privately

retained defense attorneys are not "state actors" if the claim against them is based solely on the fact that they participated in the litigation process. *See Polk County v. Dodson*, 454 U.S. 312, 318–21, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Nor does such participation convert a private party into a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980).

Moreover, Foster's complaint contains no factual allegations against attorney Mitchell or public defender Hazelett. Rather, the complaint merely lists the attorneys as defendants in the caption of the complaint. Simply listing a defendant in the caption of the complaint, but raising no specific factual allegations against the defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros.*, 436 at 155-57).

For all of these reasons, Foster fails to state a plausible § 1983 claim against attorneys Mitchell and Hazelett, and they are dismissed from this action.

**4. Portage County is not liable under § 1983**

Foster's claims against Portage County also fail. Local governments may not be sued under § 1983 under a respondeat superior theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government

as an entity is responsible under § 1983." *Id*. 436 U.S. at 694; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999) (same).

Here, Foster has not pleaded any facts suggesting a policy or custom of Portage County that may have caused the constitutional deprivation he alleges. Therefore, Foster fails to state a plausible claim against Portage County, and those claims are dismissed.

To the extent Foster is attempting to assert a claim against the Kent Police Department, that claim also fails. It is well-settled that police departments are not sui juris, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Taylor v. Ross*, No. 1:21-cv-600, 2021 WL 3930366, at *3 (N.D. Ohio Sep. 2, 2021) (finding that Akron Police Department is not sui juris); *see also Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (same) (collecting cases).

**5. Ohio Rev. Code § 2921.44 does not provide a private cause of action**

Finally, to the extent Foster asserts a claim of dereliction of duty under Ohio Rev. Code § 2921.44, that claim is dismissed. The State of Ohio has codified dereliction of duty in a criminal statute and § 2921.44 does not provide a separate civil cause of action. *See DeCosta v. Medina County,* No. 1:04-cv-1118, 2006 WL 1473256, at *6 (N.D. Ohio May 22, 2006); *White v. Stafford,* No. 61838, 1993 Ohio App. LEXIS 82, at *3, 1993 WL 7926, at *2 (Ohio Ct. App. Jan. 14, 1993) ("The dereliction of duty claim is a criminal statute, not a civil claim for relief[.]"); *see also Lloyd v. Pokorny*, No. 2:20-cv-2928, 2020 WL 4455547, at *9 n.14 (S.D. Ohio Aug. 3, 2020) ("Plaintiff

sues for Dereliction of Duties under Ohio Revised Code 2921.44, another criminal statute without a private cause of action and thus, this claim is also dismissed.") (citation omitted).

Accordingly, Foster cannot bring a civil claim against defendants pursuant to Ohio Rev. Code § 2921.44, and his claim for dereliction of duty is dismissed.

### III. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 15, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**